IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANDERGRIFF HONDA, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-cv-3704-E |
| THE CITY OF DALLAS, TEXAS, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the City of Dallas's Motion to Dismiss Plaintiff's Complaint (Doc. 17). Upon review of the complaint, motion to dismiss, Plaintiff's response, and the City's reply, the Court grants the motion in part and denies it in part.

Plaintiff Vandergriff Honda filed this action in state court in Dallas County. The City of Dallas removed the case to federal court and moved to dismiss Vandergriff's petition. In response, Vandergriff amended its pleadings. The City moved again to dismiss.

The following factual summary is taken from Vandergriff's complaint. Vandergriff, a Honda automobile dealership in Arlington, Texas, alleges it acquired a new Honda Civic for its inventory. American Honda Motor Company transferred ownership of the Civic to Vandergriff on May 8, 2019. A customer, Devin Mallard, began the process of purchasing the Civic. The sale was subject to Mallard making a down payment. Mallard "had been issued a buyer's temporary tag as part of his attempt to purchase the Civic." The temporary tag was issued on June 15, 2019. In August 2019, before the down payment was made or the sale of the Civic was completed, the vehicle was stolen. (Vandergriff's complaint does not provide any details about the theft.) The City of Dallas recovered the vehicle and placed it in its impound yard. An incident report notes

1

that the car was stolen, but does not identify an owner. Vandergriff contacted the City, asking that the car be returned to it. As directed, Vandergriff completed forms demonstrating its ownership of the Civic, but the City did not return the car.

Communications between Vandergriff and the City continued for months without return of the car. Vandergriff eventually learned the City was using the Civic as a bait car in its Auto Theft Unit. Vandergriff made a request under the Texas Public Information Act for information about how the City purportedly obtained the right to possess the car. The City produced the "Dallas Police Department Auto Pound Unit Standard Operating Procedures" (SOPs). In addition, in December 2019, the Auction Sales Agent and Store Manager for the City wrote to Vandergriff explaining the process the City followed in confiscating the vehicle. According to Vandergriff, the City claims it provided notice to Mallard as the holder of a "buyer temporary tag" and thus complied with the applicable law for confiscation of the car. Vandergriff alleges Mallard was never the registered owner of the car.

Vandergriff asserts claims for violations of its due process rights under the Fourteenth Amendment, the Equal Protection Clause, and 42 U.S.C. § 1983, a taking under the United States and Texas Constitutions, and for declaratory relief. The City contends all of Vandergriff's claims fail under Federal Rule of Civil Procedure 12(b)(6).

Federal Rule of Civil Procedure 8(a) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

On a Rule 12(b)(6) motion to dismiss, a court may consider only the pleadings, including attachments to the complaint and attachments to the motion if they are referred to in the complaint and central to the plaintiff's claims, and "matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint does not show the plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

In its motion to dismiss, the City argues that Vandergriff's due process, equal protection, and federal takings claims, which arise under 42 U.S.C. § 1983, fail because Vandergriff has failed to state a *Monell* claim. *See Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Section 1983 provides a cause of action for individuals who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a "person" acting

3

under color of state law. 42 U.S.C. § 1983; *Albright v. Oliver*, 510 U.S. 266, 271 (1994). For relief under § 1983, a plaintiff must establish: (1) a constitutional violation; and (2) the defendants were acting under color of state law when they committed the constitutional violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

Municipalities are "persons" within the meaning of § 1983. *Monell*, 436 U.S. at 690. However, a municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id*. at 694. A governmental entity can be sued and subjected to monetary damages and injunctive relief under § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Id.* Such an entity cannot be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id.* A plaintiff must identify: (1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom. *Quinn v. Guerrero*, 863 F.3d 353, 364 (5th Cir. 2017).

An official policy may arise either directly from an authorized policymaker's "statement, ordinance, regulation, or decision," or indirectly from a "persistent, widespread practice" of non-policymaking municipal employees that "is so common and well settled as to constitute a custom." *Bennett v. City of Slidell,* 735 F.2d 861, 862 (5th Cir. 1984) (en banc) (per curiam). With respect to a direct policymaker action, a single discretionary action taken by a policymaking official does not establish an official policy unless the official is "responsible for establishing final government policy" with respect to the discretionary action taken. *Brady v. Fort Bend Cty.,* 145 F.3d 691, 699 (5th Cir. 1998) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986)). There is a distinction between a final policymaker and a final decisionmaker. *See Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548–49 (5th Cir. 2008). To be a policymaker, an official must "decide the

goals for a particular city function and devise the means of achieving those goals." *Webb v. Town of St. Joseph*, 925 F.3d 209, 217 (5th Cir. 2019). "When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departure from them, is the act of the municipality." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

Under Texas law, the final policymaker for the City of Dallas is the City Council. *Groden v. City of Dallas, Tex.*, 826 F.3d 280, 286 (5th Cir. 2016); *Bolton*, 541 F.3d at 550. Thus, to show that the City acted unconstitutionally, Vandergriff must show that the City Council promulgated or ratified an unconstitutional policy.

The official policy Vandergriff relies on is the SOPs, which it alleges includes policies for vehicle confiscation. Vandergriff's complaint alleges, "Per the City's charter, the operating procedures for the police department are promulgated by the chief of polic[e], subject to the supervision of the City Manager and ultimate approval of the City's Council. Thus, the SOPs are promulgated, approved of and within the knowledge of City policymakers."

Among the arguments the City makes is that Vandergriff fails to sufficiently plead facts which show the City's final policymaker promulgated or ratified an official policy. Vandergriff responds that the specific identity of the policymaker is a legal question that need not be pled. It contends it alleged the SOPs are City policy, promulgated by, approved of, and within the knowledge of policymakers such as the City Manager and City Council. But Vandergriff's allegation that the SOPs were promulgated, approved of, and within the knowledge of City policymakers is conclusory. Vandergriff has alleged the SOPs were promulgated by the chief of police, who is not a policymaker for the City, "subject to" the supervision of the City Manager and

5

ultimate approval of the City Council. These allegations fall short of alleging that the City Council promulgated or ratified the policies.

Vandergriff's equal protection claims fails for another reason. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). An equal protection claim that is premised on differential treatment but not based on membership in a suspect class or the infringement of a fundamental right may be cognizable as a so-called "class of one." *Wood v. Collier*, 836 F.3d 534, 539 (5th Cir. 2016). For a "class of one" equal protection claim, a plaintiff must allege that it has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*; *see Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Vandergriff alleges the City treated dealers differently without a rational basis by not providing Vandergriff notice and an opportunity to protect its ownership and lien interest in the Civic. Vandergriff does not allege that it was a member of any particular class or was treated differently than a member of any other class. Nor does it allege it was intentionally treated differently from others similarly situated. Accordingly, Vandergriff fails to state a § 1983 equal protection claim.

The City also asserts Vandergriff's takings claim under the Texas Constitution should be dismissed under Rule 12(b)(6). The City argues Vandergriff has not adequately pleaded that it had a vested property right in the Civic. It also argues this claim is barred because the City's valid exercise of its police power was not a taking. The Court concludes Vandergriff has pleaded specific facts which establish a plausibility of entitlement to relief on its takings claim under the state constitution. The Court denies the motion to dismiss as to this claim.

Finally, the City moves to dismiss Vandergriff's claim for declaratory relief. Vandergriff seeks declarations that it is the owner of the Civic, or alternatively a valid lienholder, that the City did not provide it notice prior to confiscating the vehicle, that the City did not provide notice to the registered owner of the Civic as required by the Texas Transportation Code, and that Vandergriff is entitled to possession of the Civic. The City argues Vandergriff has failed to explain the basis for its request for declaratory relief and also that the requested relief duplicates its other claims. The Declaratory Judgment Act is a procedural device that creates no substantive rights. *Hawkins v. PHH Mortg. Corp.*, No. 3:20-cv-1713-X-BN, 2021 WL 3573651, at *4 (N.D. Tex. July 15, 2021). A declaratory judgment is not itself a cause of action, and a claim for a declaratory judgment necessarily fails if there is no underlying cause of action. *See id.* Thus to the extent the Court has determined Vandergriff has failed to state a claim for due process violations, equal protection violations, and a federal taking, its declaratory judgment actions fails to state a claim as well.

In conclusion, the Court **dismisses without prejudice** Vandergriff's claims under 42 U.S.C. § 1983 for due process violations and equal protection violations and its federal takings claim. The Court will give Vandergriff the opportunity to replead. If Vandergriff can in good faith replead facts to support these claims, it may do so within 28 days of this Order. *See* FED. R. CIV. P. 15(a)(2). If Vandergriff does not replead these claims, the disposition of them will be converted into dismissal with prejudice.

**SO ORDERED.**

Signed September 2, 2021.

_____
Ada Brown
UNITED STATES DISTRICT JUDGE